Baldwin, J.
An endorsement of credit on a bond, made by the obligee within the period that raises the legal presumption of payment, is evidence for him for the purpose of repelling that presumption. This exception from the general rule that a man’s declarations shall not be evidence in his own behalf is justified by peculiar considerations. The evidence is used not to establish an original demand, but merely to rebut a presumption. The presumption thus met arises out of the imputed conduct of the obligee, to wit, his forbearing to assert his demand for many years ; and the fact that he obtained a partial payment during the time goes to shew that the imputation is unfounded. The evidence of the fact, it is true, is furnished by the party himself; but it proceeded from him at a time when the disclosure was against his own interest. It. is evidence, loo, which he had authority at the time to establish, and which it was his duty to establish, for the protection of the obligor; and after a considerable lapse of time, it is usually the only available means of shewing the negative of nonpayment, by the affirmative of partial payment. Upon the whole, therefore, such evidence is just, reasonable and expedient, unless attended with too much danger of fraud ; and that is sufficiently guarded against by requiring proof that the endorsement was made within the period of presumption, and consequently when it was against the interest of the obligee to make it. Ingenuity, it is true, may still suggest a complexity of circumstances rendering such a fraud advantageous to the obligee ; but that is a mere possibility, and the rules of evidence must deal with probabilities.
The first decision we have upon this subject is that of Searle v. Lord Barrington, of which there are several reports; 2 Str. 826. 2 Ld. Raym. 1370. 8 Mod. 278. 3 Bro. P. C. (old edi.) 535. In that case, which was an action upon a bond due in 1697, the defendant *625 pleaded solvit ad diem, and relied upon the presumption, . , . r i • i i it being after twenty years; to encounter which, the plaintiff offered to give in evidence an endorsement of interest under the hand of the obligee in the year 1707, which evidence was objected to, but received, and a verdict and judgment rendered for the plaintiff; which judgment was affirmed in parliament. It seems, from the reports of the case, that the endorsement bore date in 1707, but none of them slate that there was proof of its having been actually made at that time. Whether in point of fact there was such proof, is a matter about which there has been a contrariety of opinion : 1 Starkie on Evid. pt. 2. p. 311. note (/). 1 Phill. on Evid. 5th american from 8th Lond. edi. [349.] Turner v. Crisp, 2 Str. 827. Glyn v. Bank of England, 2 Ves. sen. 43. Roseboom v. Billington, 17 Johns. R. 182. That, however, I regard now as mere matter of curious speculation ; for it is unimportant whether the decision in Searle v. Lord Barrington is to be considered as so restrained by the facts before the court in that cause, as to require proof that the endorsement was actually made within the period of presumption ; or whether its authority is to be regarded as so limited by subsequent adjudications. It is certain that the principle of the case, so restricted, has been since uniformly recognized : see the authorities above cited, and Rose v. Bryant, 2 Camp. 321.
There can be no difficulty in the application of this doctrine to the case before us. The endorsements in question are in the handwriting of the obligee, who died in the year 1833. The bond is dated in 1820, and payable on demand. Of course the endorsements were made within the period of about thirteen years from the time when the bond was due. The general rule is therefore applicable, unless there be something in the peculiar circumstances of this case to constitute an exception.
*626 It has not been and cannot be supposed, that the aspect of the case is at all varied by the circumstance that the bond in question was introduced as a setoff to the bond sued upon by the plaintiff, instead of having been ma(je the foundation of a separate action. It is ^ ^ r equally immaterial, as I conceive, that the bond sued upon is of a subsequent period to the one in question, having been executed in January 1833, and payable in January 1834. This, I think, will be obvious by attending to the precise proposition we are called upon to determine.
The court, at the instance of the plaintiff, instructed the jury, that after the lapse of sixteeri years from the date of the bond in question, aided by other circumstances, the jury might presume it paid. Then, at the instance of the defendants, the court instructed the jury, that such presumption of payment might be repelled by other circumstances. Thereupon the plaintiff moved the court for a further instruction, that the endorsements on the bond were not to be taken into consideration by the jury to repel such presumption; which instruction the court gave. And it is upon the propriety of this last instruction that we are called upon to decide.
It will be observed, that the plaintiff relied upon circumstances not as distinct and substantive evidence, but merely to eke out a lapse of time inadequate in itself to raise the presumption of payment; the whole to constitute a substitute for the complete legal presumption presented by the lapse of twenty years. It was therefore a mere presumption which the defendants had to meet, and whether a presumption arising exclusively from the lapse of time, or from the-lapse of time aided by circumstances, I regard as wholly immaterial. Besides, if this were not so, it is impossible to say that the defendants had a right to rely upon the endorsements to encounter a lapse of twenty years, *627 but not of only sixteen years ; and if the right be the same in both instances, then it cannot be objected, in regard to the latter, that the effect would be to leave the subsidiary circumstances to their own intrinsic and independent weight.
The circumstance that the bond sued upon is posterior in date to the one introduced as a setoff, furnished no legal presumption of the payment of the latter; though it was evidence which the plaintiff had a right to rely upon, in connexion with other evidence, to prove the fact of payment, or, in connexion with the lapse of time, to raise the presumption of payment. If used at the trial in the latter point of view, as it probably was, it did not warrant the court in withholding the endorsements from the consideration of the jury, as evidence to repel the presumption of payment. Though there may have been a presumption to repel at the time of the trial, there was none when the endorsements were made. It must be taken, therefore, that they were made when it was against the obligee’s own interest to make them, unless we admit the gratuitous supposition that they were fraudulently contrived to be used at some future period, when a presumption of payment might arise. Such a fraud is the proper subject of proof, not of conjecture; and the plaintiff was at liberty to prove it, if he could, before the jury.
My opinion therefore is, that the circuit court erred in its last instruction to the jury ; for which error the judgment should be reversed, and a new trial awarded, with a direction that upon such new trial the instruction is not to be repeated.
Stanard, J. and Cabell, P. concurring, judgment accordingly reversed, and new trial awarded, with a direction that the last instruction was not to be repeated.